The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Nicholas Bradley Schutz committed professional misconduct warranting public discipline, namely: negligent and intentional misappropriation of client funds; failure to deposit all funds received from clients in advance of legal services into his trust account; failure to maintain required business account books and records; failure to safeguard client funds; and responding to a scam resulting in the theft of client funds held in his trust account. See Minn. R. Prof. Conduct 1.3, 1.15(a), 1.15(c)(5), 1.15(h), as interpreted by Appendix 1 thereto, and 8.4(c).
Respondent and the Director have entered into a stipulation for discipline. In it, respondent withdraws his previously filed answer, unconditionally admits the allegations of the petition, and waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR). The parties jointly recommend that, in light of mitigating factors, the appropriate discipline is an indefinite suspension with no right to petition for reinstatement for 3 years.
The court has independently reviewed the file and approves the recommended discipline.
The court further notes that respondent is currently suspended from the practice of law based on this court's order of May 6, 2014.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Nicholas Bradley Schutz shall remain indefinitely suspended from the practice of law, but respondent shall have no right to petition for reinstatement for 3 years from the date of this order.
2. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, see Rule 18(e)(2), RLPR, and satisfaction of continuing legal education requirements, see Rule 18(e)(4), RLPR.
3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24(a), RLPR.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice